07 CV 7161

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIRECT GROUP NORTH AMERICA, INC.,

Plaintiff,

v.

TRANCOS, INC., COREGMEDIA ASSOCIATES,
INC.,
BRIAN NELSON, KEVIN BRODY, DAVID MACIEL
and CRAIG BOUGAS,
Defendants.



07 CV

COMPLAINT

AUG 1 0 2007

U.S.D.C. S.D. N.Y.
CASHIERS

JURY TRIAL DEMANDED

Plaintiff Direct Group North America, Inc., by its attorneys Hanly Conroy

Bierstein Sheridan Fisher & Hayes, LLP, for their complaint, allege as follows:

## PARTIES

### A.    Plaintiff

1.      Plaintiff Direct Group North America, Inc. ("DGNA"), an

operating unit of DirectGroup Bertelsmann, is a Delaware corporation with its principal

place of business at One Penn Plaza, 250 West 34th Street, 5th Floor, New York, New

York 10119.  DGNA engages in the business, *inter alia*, of selling CDs, DVDs and books

through direct-to-consumer channels under various brands, including Columbia House,

Literary Guild, Book of the Month Club, BMG Music Service and BMG Classical Club.

### B.    Defendants

2.      Upon information and belief, Defendant Trancos, Inc., ("Trancos")

is a California corporation with its principal place of business located at 1450 Veterans

Blvd. Suite 100, Redwood City, California, 94063.  As set forth below, CoregMedia, a division of Trancos, has an office located in New York, NY.

3.     Upon information and belief, Defendant CoregMedia, Inc., ("CoregMedia") is a division of Trancos and has its principal place of business located at 1450 Veterans Blvd. Suite 100, Redwood City, California, 94063.  CoregMedia conducts business through its office located at 60 E. 42nd Street, Suite 1430, New York, NY 10165.

4.     Upon information and belief, defendant Brian Nelson, ("Nelson") is an officer, director and shareholder of Trancos and CoregMedia and is a resident of California.

5.     Upon information and belief, defendant Kevin Brody, ("Brody") is an officer, director and shareholder of Trancos and CoregMedia and is a resident of California.

6.     Upon information and belief, defendant David Maciel, ("Maciel") is an officer, director and shareholder of CoregMedia and is a resident of California.

7.     Upon information and belief, defendant Craig Bougas, ("Bougas") is an officer and director of CoregMedia and is a resident of California.

8.     Upon information and belief defendant Trancos is so closely controlled by defendants Nelson, Brody, Maciel and Bougas that its separate legal existence is a fiction and should be pierced.

## JURISDICTION

9.     Jurisdiction of this Court is proper under 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs and none of the bases to decline jurisdiction pursuant to 28 U.S.C. §
1332(d)(B)(4) are present.

10.     Venue is proper within this judicial district pursuant to 28 U.S.C. §
1391(b), (c) and (d). Defendants maintain offices, have agents, transact business or are
found within this judicial district.  Moreover, a substantial part of the events and
omissions giving rise to the claims alleged herein arose in part within this judicial district.
Finally, Defendants inhabit and/or may be found in this judicial district, and the interstate
trade and commerce described herein is and has been carried out in part within this
judicial district and the interstate trade and commerce described herein is and has been
carried out in part within this judicial district.

## FACTS

11.     This is an action for damages arising from breach of contract, fraud
and conversion on the part of Defendants.

12.     On or about February 3, 2006, DGNA's predecessor-in-interest,
BMG Columbia House, Inc. ("BMG Columbia House") entered into an agreement (the
"Agreement") with Trancos and CoregMedia in which Trancos and CoregMedia agreed
to recruit and enroll new customers ("Customers") for BMG Columbia House through a
type of third party Internet solicitation known as "co-registration."  "Co-registration"
involves having a company's offer or advertisement, such as for DGNA's Columbia
House DVD Club, listed alongside or in conjunction with other companies' offers or
advertisements on another company's website or network of websites.  Trancos and
CoregMedia placed DGNA's offers or advertisements through their networks of affiliate
websites.  This method of acquiring new Customers is an extremely important component

3

of DGNA's Customer acquisition efforts.  A copy of the Agreement is annexed to the complaint as Exhibit A.

            13.      Pursuant to the Agreement and standard industry practice, defendants Trancos and CoregMedia acted as advertisers for Plaintiff by contacting potential Customers to be enrolled in Plaintiff's clubs through the Co-registration method of Internet solicitation, in consideration of a commission for each new Customer secured by Defendants.  Defendants Trancos and CoregMedia represented and warranted that all new Customers would be legitimate and actual enrollees.  Between April and May 2007, Defendants submitted approximately 115,000 names of purported new Customers to Plaintiff and claimed commission payments for each of them.  However, when Plaintiff shipped products and otherwise began to service these new Customers recruited and enrolled through Trancos and CoregMedia, Plaintiff received at least 28,000 claims from Customers that the product they received was unordered (these 28,000 Customers actually returned product to DGNA).  These Customers claimed that they did not authorize enrollment or that they had been fraudulently enrolled ("Unauthorized Enrollments").  In addition, DGNA's Customer Service received at least 8,000 complaint calls from Customers, inquiries from twenty seven state Attorneys General regarding Customer complaints filed with them and a substantial number of inquiries from other consumer and regulatory agencies (e.g., Better Business Bureaus), regarding such Unauthorized Enrollments.  Defendants' delivery of these Unauthorized Enrollments to DGNA constitutes a material breach of Trancos' and CoregMedia's obligation under the Agreement.

14.     Based on Trancos' and CoregMedia's failure to comply with their contractual obligations, Plaintiff was forced to terminate the Agreement on May 30, 2007.  In addition, since Plaintiff could not determine which of the 115,000 purported enrollees were genuine and which were, likewise, tainted, it had to terminate all those Customer accounts, allowing the recipients to retain the product previously shipped.  The effect of this fraud has been devastating to Plaintiff's business.  Plaintiff has suffered in excess of $1,000,000 in direct costs as a result of the Unauthorized Enrollments submitted to it.  These costs include the cost of the product shipped to the purported Customers, the cost of enrolling and terminating them and other costs.  In addition, Plaintiff was flooded with complaints from Customers who claimed they had not enrolled and had to respond to inquiries from state Attorneys General and other regulatory authorities regarding these complaints of Unauthorized Enrollments.  Plaintiff sought Defendants' cooperation in responding to Customer complaints and regulatory inquiries, but was stonewalled by Defendants who refused to cooperate.

15.     Moreover, until the time when Plaintiff discovered that Trancos and CoregMedia had breached the Agreement, Plaintiff had fulfilled all of its obligations and paid all of the sums due to Trancos and CoregMedia for their services pursuant to the Agreement, up to and including payment of Defendants' April 2007 invoice, until such time as Plaintiff discovered the Unauthorized Enrollments and Defendants' apparent fraud.

16.     Upon information and belief, Defendants knew at the time the Agreement was executed, that they were going to submit false enrollments under the

Agreement (a fact they concealed from Plaintiff), even though Trancos and CoregMedia accepted substantial payments from Plaintiff pursuant to the Agreement.

17.    As a result of Defendants actions, Plaintiff has been forced to devote substantial money, personnel time and other resources to responding to complaints from Customers and Attorneys General of twenty seven states.  As a result, Plaintiff has suffered substantial monetary and other harm.

## CLAIMS FOR RELIEF

### Count One

(Breach of Contract)

18.    Plaintiff repeats and realleges all other paragraphs of this complaint as if fully set forth herein.

19.    Plaintiff and BMG Columbia House and Defendants Trancos and CoregMedia entered into the Agreement, as set forth herein.

20.    Plaintiff and BMG Columbia House performed all of the obligations required of them to be performed pursuant to the Agreement.

21.    By providing incorrect names of purported new Customers, Defendants materially breached their obligations as set forth in the Agreement. Defendants also breached their obligations of good faith and fair dealing that are implied in the Agreement.

22.    Upon information and belief, by entering into the Agreement Trancos and CoregMedia acted on behalf of themselves and their alter egos Nelson, Brody, Maciel and Bougas.

23.     As a result of Defendants' breach, Plaintiff has been damaged in an amount to be determined at trial, but believed to exceed $1 million.

**Count Two**

(Fraud in the Inducement)

24.     Plaintiff repeats and realleges all other paragraphs of this complaint as if fully set forth herein.

25.     Upon entering into the Agreement on or about February 3, 2006, Nelson, Brody, Maciel and Bougas, individually and on behalf of Trancos and CoregMedia, made mispresentations of material facts to Plaintiff, as well as omissions of material facts, concerning their intentions.  Specifically Nelson, Brody, Maciel and Bougas stated that they would provide legitimate active enrollees to Plaintiff and not fraudulent enrollees in consideration of commissions paid by Plaintiff.

26.     The foregoing representations were false when made.

27.     The Defendants acted with scienter in that they knew the misrepresentations were false, and they intended for the misrepresentations to mislead Plaintiff into entering into the Agreement.

28.     The misrepresentations to Plaintiff were material and Plaintiff justifiably relied upon those representations when entering into the Agreement.

29.     Plaintiff was justified in relying on those representations because enrollment of actual legitimate new Customers was an essential term of the Agreement, and Plaintiff would not have entered into the Agreement without those representations.

30.     In making such representations, Nelson, Brody, Maciel and Bougas were acting on behalf on themselves, individually and collectively, and on behalf of their alter egos Trancos and CoregMedia.

7

31.    The Defendants' knowing and intentional false material

misrepresentations and material omissions were calculated to injure Plaintiff and caused

Plaintiff substantial pecuniary harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, awarding them:

a.    Under the first and second causes of action, compensatory

damages in an amount to be determined at trial, but believed to be more than $1 million;

b.    under the second cause of action, compensatory and punitive

damages in an amount in excess of $1 million;

c.    the costs and disbursements of this action and attorneys' fees; and

d.    such other further relief as may be just and proper.

Dated: New York, New York
          August 10, 2007

HANLY CONROY BIERSTEIN SHERIDAN
FISHER & HAYES LLP

Steven M. Hayes (SH-2926)
112 Madison Avenue
New York, New York 10016
(212) 784-6414

*Attorneys for Plaintiff*

TO:

Trancos, Inc.
1450 Veterans Blvd. Suite 100
Redwood City, CA 94063

CoregMedia, Inc.

8