

**EXHIBIT A**

### Standard Terms and Conditions for Advertising

These terms and conditions ("Standard Terms") shall be deemed incorporated by reference into any Insertion order (the "Insertion Order") submitted by the Advertiser or its agency set forth in the Insertion Order (collectively, "Advertiser") and shall govern the Insertion Order, superseding all terms therein except for those relating to advertisement scheduling and pricing. All Insertion Orders are subject to acceptance by Trancos, Inc. The Standard Terms and Insertion Order shall be collectively known as the "Agreement." Advertiser and its agency (if applicable) shall be jointly and severally responsible under this Agreement.

1. **Term of Agreement.** The term of this Agreement commences on the Acceptance Date set forth in the Insertion Order and terminates on the End Date set forth in the Insertion Order or such later date as the parties may agree in writing.

2. **Terms of Payment.** Net 30 payment terms and based on a reporting system mutually determined by the parties (if applicable). Payment as set forth in the Insertion Order shall be made to Trancos, Inc. In the event of any failure by Advertiser to make payment, Advertiser will be responsible for all reasonable expenses (including attorneys' fees) incurred by Trancos, Inc. in collecting such amounts. Without limiting any other remedy available to Trancos, Inc. in law or equity, in the event that Advertiser is in default of its obligations hereunder, including without limitation delinquent in payments required to be made hereunder, Advertiser shall upon notice by Trancos, Inc. cease and desist from any further use of any Registrations or other Information acquired under this Agreement. All payments due hereunder are in U.S. dollars and are exclusive of any applicable taxes. Advertiser shall be responsible for all applicable taxes.

3. **Lead rejection.** Rejection of any leads by the advertiser must be justified on an individual basis. Advertiser needs to notify Trancos, Inc. within 7 days of receiving a lead from Trancos of its rejection of a lead. If Trancos doesn't hear back from Advertiser within 7 days after sending a lead, Trancos will consider that the lead is accepted by the advertiser.

4. **Representations and Warranties.** Each party represents and warrants to the other party that (a) such party has all necessary right, power and authority to enter into this Agreement and to perform the acts required of it hereunder, and (b) the entry into this agreement by such party, and the performance of its obligations and duties hereunder, do not and will not violate any agreement of such party or by which such party is bound or any intellectual property rights of third parties. Advertiser represents and warrants that it holds all necessary rights to permit the use of the advertisement by Trancos, Inc. for the purpose of this Agreement; and that the use, reproduction, distribution, transmission or display of advertisement, any data regarding users, and any material to which users can link, or any products or services made available to users, through or as a result of the advertisement will not (a) violate any criminal laws or any rights of any third parties, (b) contain any material that is unlawful or otherwise objectionable, including without limitation any material that encourages conduct that would constitute a criminal offense, give rise to civil liability, or otherwise violate any applicable law, or (c) use any trademark, trade name, or corporate name of Trancos, Inc. without the prior written consent of Trancos, Inc.

5. **Indemnification.** Notwithstanding anything to the contrary, each party agrees to indemnify, defend and hold the other party, its affiliates and their respective officers, directors, agents and employees harmless from and against any and all liability, loss, damages, claims or causes of action, including reasonable legal fees and expenses, arising out of or related to (i) breach or alleged breach of any of the foregoing representations and warranties, or (ii) any breach or alleged breach of its covenants hereunder, (iii) the contents or subject matter of such advertisements (including, but not limited to, emails and newsletters) and, if applicable, selected keywords, including without limitation claims for defamation, violation of rights of publicity and/or privacy, copyright infringement, patent infringement, trademark infringement, and spamming, or (iv) the violation of any applicable law, statute, ordinance or regulation.

The indemnifying party shall promptly notify the indemnified party of when it becomes aware of any claim or actual or threatened claim or action. The indemnified party shall reasonably cooperate with the indemnifying party in its defense of such claim or action at the indemnifying party's expense for reasonable out-of-pocket expenses. The indemnified party may participate in the defense at its option and expense. For purposes of this Agreement, "intellectual property rights" means patent, copyright, trademark, trade name, service mark, trade secret and other forms of proprietary rights recognized under federal law or the law of the jurisdictions governing this Agreement. The indemnifying party shall have the right to conduct the defense and/or settlement of any such claim or action; provided that in conducting such defense or settling such claim or action, the indemnifying party shall not compromise, impair or use in an improper or manner not authorized under this Agreement the intellectual property rights or disclose or use in an improper or manner not authorized under this Agreement the Confidential Information of the indemnified party without the prior written consent of such party.

6. **Cancellations.** Either party may terminate this agreement or any individual component of advertising described in an Insertion Order by providing 48 business hours prior written notice to the other party.

7. **Right to Reject Advertisement; Positioning.** All contents of advertisements are subject to Trancos, Inc.'s approval. Trancos, Inc. reserves the right to reject or cancel any advertisement, Insertion Order, URL link, space reservation or position commitment, at any time, for any reason whatsoever (including belief by Trancos, Inc. that any placement thereof may subject Trancos, Inc. to criminal or civil liability).

8. **License.** Advertiser hereby grants to Trancos, Inc. a non-exclusive, royalty-free limited license to use, reproduce, and display each Advertisement (and the content, trademarks and brand features contained therein) solely in accordance and during the Term of this Agreement (a) directly through Trancos Inc.'s own website or servers; or (b) through Trancos, Inc.'s network of third party vendors; provided that Trancos, Inc. shall require each third party



vendor to execute an agreement containing substantially similar terms as those set forth in this Agreement, including, but not limited to, Sections 4, 5, 9, 12, and 14. Trancos, Inc. shall name Advertiser as a third party beneficiary of such agreements, but Advertiser shall have no obligations thereunder. Additionally, Trancos, Inc. shall include the following provision in all agreements with third party vendors, "In no event shall <Vendor Name> transmit, pass, offer, or broker any advertisement to any third parties."

9. **Confidentiality.** During the term of this Agreement, and until such time as the "Confidential Information" (as defined below) is no longer protected as a trade secret under law, neither party will use or disclose any "Confidential Information" of the other party except as specifically contemplated herein. "Confidential Information" means information that: (1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality. Subject to the foregoing, Confidential Information shall include, without limitation, unpublished financial information, product and business plans, projections, and marketing data, technical or non-technical data, product designs, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, sales information or list of actual or potential customers and/or members or suppliers, the advertisement before publication, and the terms of this Agreement and each Insertion Order. Confidential Information does not include information that: (i) has been independently developed by the receiving party without access to the other party's Confidential Information; (ii) has become publicly known through no breach of this Section by the receiving party; (iii) has been rightfully received from a third party authorized to make such disclosure; (iv) has been approved for release in writing by the disclosing party; or (v) is required to be disclosed by a competent legal or governmental authority; provided, however, in such instance the compelled party will use reasonable efforts to provide notice to the other party and will use reasonable commercial efforts to seek to ensure confidential and proprietary treatment of the Agreement. In the event the receiving party or any person to whom the receiving party transmits the Confidential Information pursuant to this Agreement becomes legally compelled to disclose any of the Confidential Information, the receiving party will provide the disclosing party with prompt notice and all reasonable assistance and information reasonably requested by the disclosing party so that the disclosing party may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Agreement. At the request of the disclosing party, the receiving party shall return all of the disclosing party's Confidential Information to the disclosing party.

10. **Termination; Effect of Termination.** In the event of a material breach, either party may terminate this Agreement immediately without notice or cure period, without liability to such party. In the event of any termination, Advertiser shall remain liable for any undisputed amount due under an Insertion Order for advertisement delivered by Trancos, Inc. and such obligation to pay shall survive any termination of this Agreement. Anything herein to the contrary notwithstanding, the provisions of the Agreement relating to confidentiality and any other provisions which by their nature should survive termination shall survive the expiration or termination of the Agreement for any reason.

11. **No Warranty.** TRANCOS, INC. MAKES NO WARRANTY, EXPRESS OR IMPLIED, WITH RESPECT TO ANY MATTER, INCLUDING WITHOUT LIMITATION ADVERTISING AND OTHER SERVICES, AND EXPRESSLY DISCLAIMS THE WARRANTIES OR CONDITIONS OF NONINFRINGEMENT, MERCHANTABILITY AND FITNESS FOR ANY PARTICULAR PURPOSE. EXCEPT AS EXPRESSLY SET FORTH IN THE AGREEMENT, TRANCOS, INC. EXPRESSLY DISCLAIMS ANY REPRESENTATION OR WARRANTY REGARDING THE PERFORMANCE, AVAILABILITY, FUNCTIONALITY OR ANY OTHER ASPECT OF TRANCOS, INC.'S SERVICE.

12. **Limitations of Liability.** In the event that Trancos, Inc. fails to publish an advertisement in accordance with the schedule provided in the Insertion Order, or in the event that Trancos, Inc. fails to deliver the number of leads specified in the Insertion Order (if any) by the End Date specified in the Insertion Order, or in the event of any other failure, technical or otherwise of such advertisement to appear as provided in the Insertion Order, the liability of Trancos, Inc. and exclusive remedy of Advertiser shall be limited to either (i) placement of the advertisement at a later time in a comparable position or (ii) extension of the End Date specified in the Insertion Order until the minimum delivery requirements set forth in the Insertion Order, if any, are delivered, as the parties may mutually agree. EXCEPT FOR ITS INDEMNIFICATION OBLIGATIONS SET FORTH IN PARAGRAPH 5, IN NO EVENT SHALL TRANCOS, INC. BE LIABLE UNDER THIS AGREEMENT FOR ANY CONSEQUENTIAL, SPECIAL, LOST PROFITS, INDIRECT OR OTHER DAMAGES, WHETHER BASED IN CONTRACT, TORT OR OTHERWISE, EVEN IF TRANCOS, INC. HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES AND, EXCEPT FOR ITS INDEMNIFICATION OBLIGATIONS SET FORTH IN PARAGRAPH 5, NOTWITHSTANDING ANY FAILURE OF ESSENTIAL PURPOSE OF ANY LIMITED REMEDY. TRANCOS, INC.'S AGGREGATE LIABILITY UNDER THIS AGREEMENT FOR ANY CLAIM IS LIMITED TO THE AMOUNT RECEIVED BY TRANCOS, INC. FROM ADVERTISER FOR THE INSERTION ORDER GIVING RISE TO THE CLAIM. Without limiting the foregoing, Trancos, Inc. shall have no liability for any failure or delay resulting from any governmental action, fire, flood, insurrection, earthquake, power failure, riot, explosion, embargo, strikes whether legal or illegal, labor or material shortage, transportation interruption of any kind, work slowdown or any other condition affecting production or delivery in any manner beyond the control of Trancos, Inc.. Advertiser acknowledges that Trancos, Inc. has entered into this Agreement in reliance upon the limitations of liability set forth herein and that the same is an essential basis of the bargain between the parties.

13. **Audit Rights.** Advertiser shall keep proper records and books of account relating to the computation of payments to be made hereunder. Trancos, Inc. or its designee may inspect such records to verify reports. Any such inspection will be conducted upon fourteen (14) days notice to Advertiser and during Advertiser's regular business hours in a manner that does not unreasonably interfere with Advertiser's business activities and, except as provided below, shall be conducted no more frequently than once every twelve months. Advertiser shall immediately make any overdue payments disclosed by the audit. Such inspection shall be at Trancos, Inc.'s expense; however, if the audit reveals overdue payments in excess of 5% of the payments owed to date, Advertiser shall immediately pay the cost of such audit, and Trancos, Inc. may conduct another audit during the same twelve month period.

14. **Relationship of Parties.** Nothing in this Agreement will be deemed to constitute either party as the other's partner, joint venturer, representative, agent or employee for any purpose. Further, Trancos, Inc. is acting strictly as an advertiser



for Advertiser and not as an agent, employee or representative of Advertiser. Trancos, Inc. has no authority to speak on behalf of Advertiser in any matter, nor accept orders or in any way participate in the transaction of business between Advertiser and its members. The parties agree that Trancos, Inc. does not act under the authority or control of Advertiser for any purpose.

15. **Construction.** No term or condition other than those set forth in the Standard Terms or in the Insertion Order relating to advertisement scheduling and pricing shall be binding on the parties unless in writing signed by duly authorized representatives of the parties. This Agreement constitutes the entire agreement between the parties concerning the subject matter hereof and supersedes all prior and contemporaneous agreements and communications, whether oral or written, between the parties relating to the subject matter hereof, and all past courses of dealing or industry custom. The terms and conditions hereof shall prevail exclusively over any written instrument submitted by Advertiser, including Advertiser's insertion order, and Advertiser hereby disclaims any terms therein, except for terms therein relating to advertisement scheduling and pricing.

16. **Miscellaneous.** This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware without giving effect to principles of conflicts of law. This Agreement may be amended only by a writing executed by a duly authorized representative of each party. Neither party shall make any public announcement or press release regarding the existence or content of the Insertion Order without the other party's prior written approval, which approval shall not be unreasonably withheld. Any notices under this Agreement shall be sent to the addresses set forth in the Insertion Order (or in a separate writing) by facsimile or nationally-recognized express delivery service and deemed given upon receipt. The waiver of any breach or default of this Agreement will not constitute a waiver of any subsequent breach or default, and will not act to amend or negate the rights of the waiving party. If any provision contained in this Agreement is determined to be invalid, illegal or unenforceable in any respect under any applicable law, then such provision will be severed and replaced with a new provision that most closely reflects the original intention of the parties, and the remaining provisions of this Agreement will remain in full force and effect. This Agreement, including any Insertion Order, constitutes and contains the entire agreement between the parties and supersedes any prior oral or written agreements. If there is any apparent conflict or inconsistency between this Agreement and any Insertion Order, the terms and conditions the Insertion Order shall control.

The undersigned agree to and accept the foregoing terms as of February 3, 2006.

Advertiser:

BMG Columbia House, Inc.

By: _____

Name: Fitzgerald Mangubat

Title: Director of Marketing
Manager
2/3/06

Trancos, Inc.

By: _____

Name: Tim Lew

Title: Account Executive